UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                       Criminal No. 12-CR-20219

vs.                                                  HON. BERNARD A. FRIEDMAN

JEFFREY SCOTT HARTMAN,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION

Defendant has filed a request for "reversal and/or revisal of prior decree," which the Court construes as a motion for reconsideration [docket entry 33] of the Court's order denying defendant's § 2255 motion. Pursuant to E.D. Mich. LR 7.1(h)(2), the Court shall decide this motion without a hearing.

On November 21, 2018, the Court denied defendant's § 2255 motion for the following reason:

> The [§ 2255] motion is denied because it is untimely. After pleading guilty to bank fraud charges, defendant was sentenced on October 14, 2015, and judgment was entered the next day. The judgment became final fourteen days later because defendant did not appeal. Under § 2255(f)(1), defendant had one year from that date, i.e., until October 29, 2016, to file the instant motion. Defendant missed the filing deadline by more than two years.

Two months later, on January 29, 2019, defendant filed the instant motion for reconsideration. The Court notes that this filing is not properly before it, given that it is not signed by defendant. Rule 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally

if the party is unrepresented." Fed. R. Civ. P. 11(a). Defendant is currently unrepresented, and the signature of an inmate who claims to be defendant's "Guardian ad litem/Next Friend" does not satisfy the requirements of Rule 11(a). Even if the Court overlooked this deficiency, for the reasons stated below, defendant's motion does not entitle him to the relief he seeks.

This Court has explained that

> [m]otions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

*United States v. Davis*, No. 10-20635, 2012 WL 2974814, at *1 (E.D. Mich. July 20, 2012). Moreover, a motion for reconsideration must be filed "within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1).

The Court shall deny defendant's motion for reconsideration because, like his § 2255 motion, this motion is untimely. The deadline for defendant to file a motion for reconsideration was fourteen days after the order of which he seeks reconsideration was entered, i.e., by December 5, 2018. In addition to not filing his motion within this time frame, defendant has failed to "demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled" and "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Instead, defendant's most recent filing merely repeats some of the same arguments that appear in his § 2255 motion. Accordingly,

IT IS ORDERED that defendant's request for "reversal and/or revisal of prior decree," which the Court construes as a motion for reconsideration [docket entry 33] of the Court's order denying defendant's § 2255 motion, is denied.

Dated: May 2, 2019
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 2, 2019.

Jeffrey Scott Hartman #39212039
Hazelton U.S. Penitentiary
Inmate Mail/Parcels
PO Box 2000
Bruceton Mills, WV 26525-2000

s/Johnetta M. Curry-Williams
Case Manager